## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**WALLACE S. ROGERS, #R4047**                                                                     **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 3:06cv630WHB-LRA**

**DOROTHY JOHNSON, et al.**                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This cause is before the Court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff Rogers, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility (WCCF), Woodville, Mississippi, filed this <u>pro se</u> complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Dorothy Johnson, MDOC Records Department Supervisor; Jacqueline Banks, Warden of WCCF; Christopher Epps, Commissioner of MDOC; Sherry Robinson, Director of MDOC Records Department; and Jane Mapp, Special Assistant Attorney General. The plaintiff has requested "compensatory, nominal and punitive damages as well as declaratory relief." <u>Comp.</u>, p.6.

### Background

The plaintiff complains that the defendants have violated his constitutional rights by miscalculating the length of his incarceration. The plaintiff states that he was serving a ten-year sentence when he received a 2-year mandatory sentence.[1] The plaintiff alleges that at this time, his 10-year sentence should have been "frozen" so he could immediately serve the 2-year

---

[1] The plaintiff states that his 10-year sentence was non-mandatory and therefore he was eligible to receive "good time" sentence credits and "earned release," whereas his 2-year sentence is not eligible for such credits.

mandatory sentence. The plaintiff asserts that he served this 2-year mandatory sentence from December 7, 2001 to December 7, 2003. The plaintiff claims that he continued serving the 10-year sentence on December 7, 2003 and thus, was again eligible for "good time" and "earned release." The plaintiff calculates his earned release date to have been in May of 2006. In sum, the plaintiff contends that the miscalculation of his 2 criminal sentences has resulted in him being required to serve a 2- year mandatory sentence twice.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
        from such relief.

v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file.  Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.   As discussed below, the plaintiff cannot maintain this § 1983 action at this time.

## Habeas Corpus Claims

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).  If the plaintiff's claims are proven and this Court grants the requested relief, it would result in the plaintiff receiving an early release from custody.  The plaintiff must first pursue his request for his release from custody by filing a petition for habeas corpus relief.

This Court entered an order [doc. 5] on December 4, 2006, which advised the plaintiff of

3

the above stated case law.³ The order directed the plaintiff to file a written response stating if he wished to continue with this lawsuit or if he wished to voluntarily dismiss this case and pursue his claims in a habeas corpus petition. The plaintiff filed his response [doc. 8], contending that he is already pursuing these claims in a habeas case, civil action number 1:06cv605LG-JMR, and he would like to continue with this § 1983 action.⁴ The plaintiff's reasoning for maintaining these two actions is that his habeas action will result in the ending of his unlawful imprisonment and his release from custody, however, this § 1983 action will hold the defendants accountable for their actions which resulted in his unlawful imprisonment. The plaintiff's response also requested that this Court hold this action in abeyance until his habeas corpus case has been adjudicated. Since the plaintiff is already pursuing his habeas claims in another case, any habeas claims asserted in this case will be dismissed, without prejudice.

42 U.S.C. § 1983 claims

In order to state a cognizable complaint pursuant to 42 U.S.C. § 1983, the plaintiff must allege that the defendants deprived him of a right secured to the plaintiff by the Constitution or the laws of the United States. See Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 433 (1979). However, a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has

---

³The order also advised the plaintiff of the bar to certain prisoner suits for monetary damages established by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).

⁴A review of the docket for the plaintiff's habeas case reveals that a motion by the respondent to dismiss the case, based on the plaintiff's failure to exhaust his available state court remedies, is pending before the Court.

previously been invalidated. Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). Specifically, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 2372 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). If the Court were to find in the plaintiff's favor and determine that the defendants violated his constitutional rights, this judgment would necessarily imply the invalidity of his current criminal sentence and imprisonment. The plaintiff has failed to demonstrate that his convictions or sentences have been invalidated in order to overcome the bar to this suit established by Heck v.Humphrey.[5]

## Conclusion

As discussed above, the plaintiff's claim for release from custody is habeas in nature and therefore not properly pursued under 42 U.S.C. § 1983. The plaintiff's claims for monetary damages are barred by Heck v. Humphrey, at this time. The plaintiff's request to hold this action

---

[5] The Court's order [doc.5] for a written response also directed the plaintiff to specifically state if his convictions or sentences had been invalidated by any of these means.

in abeyance is denied.  Consequently, plaintiff's cause of action will be dismissed with prejudice.[6]

The plaintiff's habeas claims are dismissed without prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 8th day of January, 2007.


                                        s/William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

---

[6]"Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).